UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TIM DELANEY; TASHA BOYKIN | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-137 |
| | ) | |
| JOHNSON CITY, TENNESSEE; | ) | |
| JOHNSON CITY POLICE DEPT.; | ) | |
| CHIEF JOHN LOWREY, | ) | |
| | ) | |
|     in his official capacity; | ) | |
| | ) | |
| OFFICER KENNY WILLIS; OFFICER | ) | |
| MATTHEW GRYDER; OFFICER | ) | |
| JOHN DOE; OFFICER JANE DOE, *et al.*, | ) | |
| | ) | |
|     all in their personal | ) | |
|     and official capacities. | ) | |

## **MEMORANDUM and ORDER**

*Pro se* plaintiffs Timothy Delaney and Tasha Boykin have filed this civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging various violations of their rights—under both the Constitution and state law. Defendants are Johnson City, Tennessee, its Police Department, the Chief of Police, and several police officers. Plaintiffs' applications to proceed *in forma pauperis* are **GRANTED**. [Docs 1, 2].

The complaint now must be screened, *see* 28 U.S.C. § 1915(e)(2), and must be dismissed if the Court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks damages against a defendant who is immune from such relief.

The ten-count complaint contains the allegations which follow—all evolving out of an incident which purportedly occurred on July 4, 2005, in Johnson City, Tennessee. On that date, some children were setting off fireworks outside plaintiffs' residence at 811 Montgomery Street. Soon, officers arrived and defendant Officer Jane Doe, using a racial epithet, told the youngsters that she was tired of them. Meanwhile, other officers entered a neighbor's yard and one of those officers, while pointing a shotgun, instructed people who were watching to go into their home.

At some point, defendant Officer Willis ordered several children, including plaintiff Delaney's cousin, to get into a squad car. After pushing and poking a fourteen-year-old bystander in the face, this officer attempted to grab plaintiff Delaney's young relative by her hair. Plaintiff Delaney tried to reason with defendant Willis, who responded by punching him in the face several times with his fist. Plaintiff Boykin attempted to grab the officer, and he also struck her in the face with his elbow and threw her to the ground. Plaintiff Delaney then intervened in this struggle, trying to prevent this defendant from hurting the co-plaintiff. However, the

2

officer drew his gun and threatened this plaintiff.

Plaintiff Delaney tried to flee, but was shot three times with a taser—once by Officer Gryder and twice by unknown defendant officers. He was placed in hand cuffs and, while restrained, beaten with the butt of a shotgun, flashlights, and fists. Plaintiff Boykin, who had gone into her house, returned to the fracas and was thrown against a car by the unknown defendant officers. She was told that she was going to be arrested for resisting arrest, was handcuffed, and then was hit by a taser. Plaintiffs were taken to the Washington County Detention Center and charged with various crimes. Thereafter, Officer Gryder removed the taser leads from plaintiff Delaney's back and side. This officer defendant also denied this plaintiff's request to go to the hospital.

The claims will be discussed in the order in which they were pled in the plaintiffs' complaint.

1. and 2. <u>False Arrest/ False Detention and Confinement</u>.[1]

In the first two claims, plaintiffs contend that their arrest, detention, and incarceration were unlawful and malicious and violated their right to due process and

---

[1] These claims are discussed together because the Supreme Court has indicated that they overlap—false arrest "is a species" of false imprisonment. *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007). Also, both claims accrue at the same time—when legal process begins, such as when a plaintiff is arraigned on the charges. *Id.* at 1096.

equal protection as guaranteed by the Fifth and Fourteenth Amendments.

The right to be arrested only upon probable cause is a right secured by the Fourth Amendment to the United States Constitution, *Crockett v. Cumberland College,* 316 F.3d 571, 579-580 (6th Cir. 2003), as is the right not to be detained without legal process. Therefore, the unlawful arrest and false imprisonment claims plaintiffs are asserting are Fourth Amendment claims. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (a claim for arrest without probable cause is addressed under the Fourth Amendment, not the Due Process Clause); *see generally*, *Wallace v. Kato*, 127 S. Ct. 1091 (2007).

However, plaintiffs indicate, in their complaint, that state criminal charges are pending and this becomes quite significant in light of two Supreme Court decisions, the first of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a § 1983 claim for damages must be dismissed, if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, unless that the conviction or sentence has already been invalidated. *Id*. at 486. The second case is *Wallace v. Kato*, 127 S. Ct. 1091 (2007), which outlined an exception to *Heck* for a certain genre of claims.

> "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until

4

the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."

*Id*. at 1098.

The instant claims of false arrest and false imprisonment may well implicate the rule in *Heck* [if plaintiffs have been convicted, and if the convictions still stand, the claims must be dismissed] or the exception carved out in *Wallace* [if the charges are still pending, the claims must be stayed]. Of course, it is also possible is that the charges were dismissed or otherwise disposed of, in which case the claims will proceed.

Therefore, to aid the Court in ascertaining whether to apply *Heck* or *Wallace* [or neither] to these claims, plaintiffs are **ORDERED** to inform the Court, within ten days of the date on this order, as to the status of their state criminal prosecution (i.e., whether the charges remain outstanding, have been dismissed, or have resulted in a conviction or some other disposition). The Court will delay ruling on these claims pending plaintiffs' response or the expiration of the time period set for a response. If there is no timely response, the Court will dismiss the claims without prejudice.

3. Conspiracy.

Plaintiffs maintain, in their third claim, that defendants engaged in a "concerted unlawful and malicious conspiracy" against them. This claim, however, is devoid of any factual support and, for this reason, it too must be dismissed.[2] "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). *See generally Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971) (conspiracy claims require some factual specificity, conclusory allegations are insufficient); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir.1986) (holding that skeletal allegations of unconstitutional conduct inadequate to support § 1983 claims of conspiracy). The claim is **DISMISSED** for failure to state a claim under § 1983.

4. Refusing or neglecting to prevent.

In this claim, as the Court understands it, plaintiffs are asserting that defendant City, defendant Police Chief Lowery, and the John Doe defendants, acting under color of state law and municipal policy, failed to instruct, supervise, control and

---

[2] In this claim, as in all others, plaintiffs have incorporated by reference allegations contained in previous sections of their complaint. This method of pleading a claim, however, will not suffice because plaintiffs have failed to identify the specific facts, among the multitude alleged in the prior sections of their pleading, which are connected to the alleged conspiracy.

6

discipline their subordinate officer defendants in those officers' duties to refrain from harassing, arresting, imprisoning, prosecuting and conspiring against citizens, even though the municipal defendants knew or should have known of the wrongs conspired to be done.

These particular defendants have been sued in their official capacities. A suit against an individual defendant in his official capacity is, in reality, an action against the entity that the defendant represents because any judgment awarded would have to be paid by the represented entity. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978) (A judgment against a defendant sued in his official capacity imposes liability upon the entity that he represents.).

A municipality—in this case, Johnson City, Tennessee—cannot be held liable merely because it employed a tortfeasor. *Monell*, 436 U.S. at 691. Instead, to succeed on a claim against these defendants, plaintiffs must show that they have suffered harm because of a constitutional violation and that a policy or custom of the entity caused the harm. *Id.*; *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999), *cert. denied*, 530 U.S. 1262 (2000). Put simply, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). Additionally, plaintiffs must show that

7

defendant municipality was itself a "moving force" behind the deprivation, so that its policy or custom played a part in the constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Here, plaintiffs have not identified any Johnson City policy or custom permitting its employees to harass, falsely arrest, falsely imprison, maliciously prosecute or conspire against citizens, nor connected that policy to Johnson City or demonstrated how their injuries were caused by the policy. There is simply no evidence to show that defendants acted under a governmental policy when engaging in the alleged conduct.

Plaintiffs also allege that the municipal defendants failed to train the police officers not to infringe upon the constitutional rights of persons with whom they were likely to come into contact while performing their duties. However, the flaw in this particular claim is that plaintiffs have not identified any actions on the part of the municipality or its supervisory officials to demonstrate that these defendants approved or ratified the alleged wrongdoing of their subordinate officers. Absent such a showing, plaintiffs fail to state a failure-to-train claim against the supervisory defendants. *Mills v. City of Barbourville*, 389 F3d 568, 580-81(6th Cir. 2004) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Since the above showings have not been made, plaintiffs have failed to

establish liability on the part of the municipal defendants for constitutional harm caused by a policy, practice, or custom of Johnson City or by any inaction on the part of its Chief of Police or supervisory personnel. These claims are **DISMISSED** for failure to state a claim.

5: Malicious Prosecution [federal & state law]: Next, plaintiffs complain that the officer defendants instituted criminal charges against them based on malice, not on probable cause to believe that they were guilty of a crime. Also, they argue that the municipal defendants are liable for the alleged malicious prosecution under the doctrine of respondeat superior. Plaintiff's fifth claim fails as a matter of law.

To sustain a constitutional claim for malicious prosecution, plaintiffs must allege and prove the absence of probable cause to prosecute. *McKinley v. City of Mansfield*, 404 F.3d 418, 445-45 (6th Cir. 2005). They also are required to show that the state criminal proceedings terminated in their favor. *See Heck*, 512 U.S. at 464 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). *See also Wood v. Kesler*, 323 F.3d 872, 883 (11th Cir. 2003), *cert. denied*, 540 U.S. 879 (2003); *Sneed v. Rybicki*, 146 F.3d 478, (7th Cir. 1998); *Posr v. Doherty*, 944 F.2d 91, 100 (2nd Cir. 1991); *cf. Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003) (noting that the Sixth Circuit has not yet defined the elements of a federal

malicious prosecution claim). The same holds true for their malicious-prosecution claim based on state law. *Parrish v. Marguis*, 172 S.W.3d 526, 530 (Tenn. 2005). Moreover, as held in *Heck*, reaffirmed in *Wallace*, and observed by the Sixth Circuit, a constitutional claim of malicious prosecution does not accrue until the underlying conviction is invalidated. *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (citing *Heck*, 512 U.S. 489-90; *Wallace*, 127 S.Ct. at 1098)).

Finally, a theory of respondeat superior [an employer's right to control its employees] cannot not serve as a basis for liability in a § 1983 case. *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005). Claim five, which has been prematurely raised, is **DISMISSED** without prejudice to plaintiffs' right to re-file the claim when and if it accrues.

6 - 10.  Malicious Abuse of Process; False Arrest & Imprisonment; Assault; Battery; & Intentional Infliction of Emotional Distress.

The last claims have been grouped together because all are predicated on state tort law. The Court, however, will reserve ruling on these claims also, pending plaintiff's response or the expiration of the ten-day period of time allotted for the response.

To sum up, Claims 3 and 4 have been **DISMISSED** for failure to state

a claim; Claim 5 has been **DISMISSED** without prejudice; and Claims 1, 2 and 6-10 remain for disposition.

    **ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE